# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CR523CAS(MLM) |
| ) | |
| JOSEPH L. WASHINGTON, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant's Motion to Dismiss Counts of Indictment or for Severance of Counts. [Doc. 16] On September 16, 2009 this matter came before the court for an Evidentiary Hearing. Defendant appeared in person and by counsel, Mr. Larry Hale. The government was represented by Acting United States Attorney Michael W. Reap. At the time of the Hearing, counsel for defendant informed the court that he was withdrawing his Motion to Suppress Evidence (Doc. 15) and his Motion to Suppress Illegally Obtained Electronic Surveillance Evidence (Doc. 17). Oral argument was heard on defendant's Motion to Dismiss Counts of Indictment or for Severance of Counts. (Doc. 16) The court granted both parties until September 21, 2009 to file briefs supporting their respective positions on the Motion for Severance. The parties have submitted their Memoranda of Law. (Docs. 23 and 24)

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant is charged in a seven (7) count Indictment with five (5) counts of violation of the Clean Air Act (occurring November and December, 2008) and two (2) counts of bankruptcy fraud (occurring August 19, 2005 and October 29, 2005). The Clean Air Act violations (Counts 1-5) are alleged to have been committed by defendant while he acted in

his official capacity, as president of the Board of Directors of the Northeast Ambulance and Fire Protection District (NEAFPD). The bankruptcy fraud offenses (Counts 6 and 7) are alleged to have committed by defendant in his private and unofficial capacity.

The initial inquiry is whether, as a matter of law the counts of the indictment are properly joined. See United State v. Rodgers, 732 F.2d 625, 628 (8th Cir. 1984). Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of two or more offenses in an indictment "if the offenses charged…are of the same or similar character, or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

The joinder of offenses is the favored practice, United States v. Humphreys, 982 F.2d 254, 259 (8th Cir.) cert. denied, 510 U.S. 814 (1993), and Rule 8 should be broadly construed in favor of initial joinder. United States v. Johnson, 462 F.3d 815 (8th Cir. 2006); Rodgers, 732 F.2d at 629. Joinder is proper when the counts "refer to the same type of offenses occurring over a relatively short period of time and the evidence as to each count overlaps." United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996) cert. denied, 117 S.Ct. 2424 (1997) quoting United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979); United States v. Robaina 39 F.3d 858, 861 (8th Cir. 1994).

"Rule 8(a) is not limited to crimes of the 'same character' but also covers those of 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'" United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) quoting United States v. Werner, 620 F.2d 922, 926 (2nd Cir. 1980) (quoting Webster's New International Dictionary (2nd Ed.)). See also United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001).

The Eighth Circuit has held that a twenty month period of times does not violate the "relatively short period of time" factor referred to in Shearer.  See also United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984); United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986) (approving seventeen month period); United States v. Hastings, 577 F.2d 38 (8th Cir. 1978) (approving two year period); United States v. Sanders, 463 F.2d 1086 (8th Cir. 1972) (approving eight month period); Johnson v. United States, 356 F.2d 680 (8th Cir.) (approving five month period) cert. denied 385 U.S. 857 (1966).  "[T]he time-period factor is to be determined on a case by case approach."  Rodgers, 732 F.2d at 629.  There is no *per se* rule on when the time period between *similar* offenses is so great that they may not be joined.

The Eighth Circuit has upheld joinder when the evidence as to one count is developed in the course of the investigation of another count and the evidence somewhat overlaps.  Lindsey, 782 F.2d at 118.

The Eighth Circuit has also found joinder proper when the evidence regarding one count could be used as Rule 404(b) evidence as proof of another count.  Rodgers, 732 F.2d at 630.  Although the admission of evidence is strictly and solely for the trial court to determine, and should not be assumed or presupposed, the following arguments are persuasive in resolving the joinder issue.

Rule 404(b) of the Federal Rules of Evidence provides that evidence of other crimes, wrongs or acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Fed. R. Evid. 404(b); United States v. Shoffner, 71 F.3d 1429, 1432 (8th Cir. 1995).  This rule "is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition.  Id.  In the present case neither party raises the 404(b) argument.

The government argues that the Clean Air Act violations and the bankruptcy fraud all relate to similar allegations of falsehood by the defendant. It is the government's position that the two separate allegations both relate to crimes that have falsity and/or concealment as a similar, common element.

The government further argues that the defendant must show prejudice that must be "severe and compelling," citing United States v. Warfield, 97 F.3d 1014, 1018 (8th Cir. 1996), cert. denied, 520 U.S. 1110 (1997). The government posits that the crimes are so separate and distinct that they can be easily compartmentalized by a jury with proper cautionary instructions.

The court disagrees. In the present case the offenses are not based on the same acts or transactions or connected with a common scheme or plan. There is no legal similarity between defendant's alleged failure to comply with environmental regulations and the understatement of his wife's income in a private bankruptcy filing. The alleged Clean Air Act violations occurred as defendant acted in his official capacity as Chairman of the Fire District Board and the bankruptcy fraud offenses occurred as defendant acted in his private or individual capacity. There is also the time differential of three years. The cases cited both here and by the government all deal with time gaps between similar offenses. The court has found no cases in which a three year time difference of vastly dissimilar charges has been held to be proper.

The court finds that limiting instructions will not protect the Clean Air violations from the taint of the misrepresentations and dishonesty of the bankruptcy fraud charges. The charges are not properly joined under Rule 8(a) of the Federal Rules of Criminal Procedure; however, dismissal is not the proper remedy. The Clean Air Act violations and

the bankruptcy fraud charges should be severed pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss Counts of Indictment or for Severance of Counts be **GRANTED** in part and **DENIED** in part. [Doc. 16]

**IT IS FURTHER RECOMMENDED** that neither the Clean Air Act violations (Counts 1-5) nor the bankruptcy fraud charges (Counts 6-7) be **DISMISSED**. [Doc. 16-1]

**IT IS FURTHER RECOMMENDED** that the Clean Air Act violations (Counts 1-5) be **SEVERED** from the bankruptcy fraud charges (Counts 6-7) and that they be tried in separate trials. [Doc. 16-2]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2009.